**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TETRA PAK, INC., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1125 |
| | § | |
| PALOS GARZA FORWARDING, LLC, *et al*., | § | |
|     *Defendants*. | § | |

## ORDER

Pending before the court is plaintiff Tetra Pak, Inc.'s ("Tetra Pak") motion for default judgment against all defendants. Dkt. 8. This action arises from a series of transactions that resulted in alleged damage to one of Tetra Pak's shipments of goods. Dkt. 1 at 3–4. According to Tetra Pak, it delivered a shipment of laminated milk cartons to Palos Garza Forwarding, LLC ("Palos") in "good order and condition." Dkt. 1 at 3. Then, Palos brokered the shipment to Set-Freight International, LLC ("Set"), who then brokered the load to Lincoln Freight Company, LLC ("Lincoln") to transport the shipment from Texas to California. *Id.* Finally, Tetra Pak alleges, Lincoln subcontracted the shipment of the cargo to BM Express, Inc. ("BM"). *Id.* BM allegedly delivered the shipment in a "destroyed condition which rendered the cargo worthless and unsalvageable as containers for food grade material." *Id.* Tetra Pak claims that Lincoln and BM violated their duties and obligations as common carriers because the cargo was delivered in an unsalvageable and worthless condition. Dkt. 1 at 4. Tetra Pak also claims that Palos and Set failed to uphold their legal duty to choose a proficient carrier to transport the shipment and establish that the carrier had appropriate insurance that would cover loss of or damage to cargo during transit. *Id.*

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). In order to grant default, the court must assess the merits of plaintiff's claims and find a sufficient basis in the pleadings for the judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l*

*Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Id.* However, even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right.  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).  Further, under Rule 5.5 of the Southern District of Texas Local Rules, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested.  S.D. Tex. L.R. 5.5.

Tetra Pak filed its original complaint on April 29, 2015 against all defendants.  Dkt. 8 at 1. Defendants Palos, Lincoln and Set were served on April 30, 2015 through their Texas registered agent, and their answer was due by May 20, 2015.  Dkts. 4–6.  These three defendants failed to answer the lawsuit. BM was served on May 20, 2015 through its Federal Motor Carrier Safety Administration registered agent, and its answer was due by June 10, 2015.  Dkt. 7.  BM also failed to answer the lawsuit.  Tetra Pak filed its motion for default judgment on June 15, 2015.  Dkt. 8 at 3. Tetra Pak served all defendants with the motion via certified mail, return receipt requested.  *Id.* None of the defendants has responded.  Tetra Pak has shown that there is a sufficient basis for the pleadings by providing the court with records relating to the transactions and damage to the goods, and the sworn affidavit testimony of a surveyor who confirmed the amount of damage sustained by the cargo.  Dkt. 8–1 at 2, 7, 11, 13, 20.  Accordingly, Tetra Pak's motion for default judgment as it relates to all defendants is GRANTED.

It is so **ORDERED**.

Signed at Houston, Texas on July 31, 2015.

_____
Gray H. Miller
United States District Judge